White, J.
We find no error in this case. The construction of the will now in controversy is governed by the decision in Niles v. Gray, 12 Ohio St. 320. That case was decided in 1861, and has become aruleof property in this state, and we are not now disposed to reconsider it.
The will in that case, as well as the will now in question, was made prior to the passage of the act of March 3, 1834 (1 Curwen, 145), which declared, in effect, that a devise of lands, in a will thereafter made, should be construed to convey a fee simple, and that' the devisee should take all the estate which the devisor had in the property, unless it appeared hy express words or the manifest intent that a lesser estate was intended. The decision, therefore, in Niles v. Gray, was not founded upon that statute nor upon any subsequent one of like effect; but upon the terms of the will as construed without the aid of such legislation. The language in that case that was held to operate as a devise of the fee was “ the remaining part of my real property.” The language of the devise in the present case is “all of my property of every description, whether real, personal or mixed, after paying all of nay just debts;” and the devise over to the children and heirs of his deceased brother is of the same interest and estate that was given by the will to Lucinda, the first devisee.
The claim on behalf of Lucinda is that she took only a life *356 estate. But it seems to us, that she took all the estate and interest that was subject to disposition by the testator, and that was liable for the payment of his debts, subject to be defeated on the happening of the contingency named in the will, when the estate is to go over to the persons named as the children and heirs of his deceased brother.
The contingency upon which the devise over takes effect, according to Niles v. Gray, is the death of the first devisee, Lucinda, without leaving legitimate heirs of her body or lineal descendants then living; and that until such contingency happens the fee is vested in the first devisee and her grantees.
"Whether the devise over will ever take effect cannot be determined until the plaintiff’s death ; but if it should never take effect, her grantee, Sinton, will, according to the principles decided in Niles v. Gray, hold an indefeasable estate, if the deed to him is valid.
That the deed is valid was- found by the court below upon the evidence; and we see nothing in the record to warrant us in disturbing that finding.

Judgment affirmed.